UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
XIAORAN, LI

                                     Civil Action No.:

               Plaintiff,

     -against-                              **COMPLAINT**

KPOP STAR HAIR, INC., K-POP NAILS, INC., d/b/a
COCO NAILS ART, INC., XIN LI and
JOHN STEVEN JARAMILLO GARZON.

                   Defendants.
-----------------------------------------------------------------X

     XIAO RAN LI ("Plaintiff"), on behalf of herself, and other similarly situated employees, by and through her undersigned attorneys, Heiferman & Associates, PLLC, hereby files this Complaint against Corporate Defendants KPOP STAR HAIR, INC. and K-POP NAILS, INC. d/b/a Coco Nails Art, Inc.("Kpop Star Hair" and K-Pop Nails", or "Corporate Defendants"), XIN LI and JOHN STEVEN JARAMILLO GARZON ("Individual Defendants," "Mr. Garzon" "Ms. Li, " "Employers" or "Owners"), alleges and states as follows:

## <u>INTRODUCTION</u>

1.    This is an action brought by Plaintiff on her own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the New York Labor Law ("NYLL") arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.    Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, compensation for all hours worked, unpaid wages, and overtime compensation for all hours worked over forty (40) hours for

each workweek, and unpaid "spread of hours" premium for each day they worked ten (10) or more hours, and failure to provide undisrupted and adequate meal breaks.

3.  Defendants willfully refused to record all of the hours that Plaintiff and similarly situated employees employed by Corporate Defendants work or worked, including work done in excess of forty (40) hours each week.

4.  Plaintiff alleges pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid wages and overtime wages; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorney's fees and costs.

5.  Plaintiff further alleges on behalf of herself, and a class of all other similarly situated current and former employees of Defendants, pursuant to NYLL § 650 *et seq*. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that she is entitled to recover from the Defendants: (1) unpaid wages and overtime compensation; (2) unpaid "spread of hours" premium for each day they worked ten (10) or more hours; (3) up to Five Thousand Dollars ($5,000.00) for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday; (4) up to Five Thousand Dollars ($5,000.00) for failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductible made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wage for each pay day; (5) liquidated damages equal to the unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL §§190 *et seq*., §§ 650 *et seq*., and one hundred percent after April 9, 2011 under New York Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

6.     This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.     This Court has jurisdiction over state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

8.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein allege took place in this District.

## PLAINTIFF

9.     Plaintiff, XIAO RAN LI, a resident of Queens County, NY, was employed as a manicurist by KPOP STAR HAIR, INC., located at 136-80 Roosevelt Ave, Flushing New York 11354, from on or about August 10, 2015 until on or about September 30, 2018. After that, she was employed as a manicurist by K-POP NAILS, INC., located at 164 E 33rd Street, New York New York 10016, from on or about December 19, 2018 until on or about July 15, 2019.

## CORPORATE DEFENDANT

10.     Corporate Defendant KPOP STAR HAIR is a domestic-corporation duly organized and existing under the laws of the State of New York with a principal address at 136-80 Roosevelt Ave, Flushing New York 11354.

11.     KPOP STAR HAIR ceased its operation on September 30, 2018 and relocated and reopened On December 19, 2018 under a new corporation name K-POP NAILS.

12.     Corporate Defendant K-POP NAILS is a domestic-corporation duly organized and existing under the laws of the State of New York with a principal address at 164 E 33rd Street, New York New York 10016.

13.     At all times relevant herein and upon information and belief, Corporate Defendants KPOP STAR HAIR and K-POP NAILS own and operate nail salons that had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

14.     At all times relevant herein and upon information and belief, Corporate Defendants KPOP STAR HAIR and K-POP NAILS purchased and handled goods moved in interstate commerce.

15.     At all times relevant herein and upon information belief, Corporate Defendants K POP STAR HAIR NAIL and K-POP NAILS were and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA.

## INDIVIDUAL DEFENDANTS

16.     Upon information and belief, Defendants, XIN LI and JOHN STEVEN JARAMILLO GARZON are the Owners, officers, directors, and/or managing agents of the Corporate Defendants. On December 19, 2018, Defendants moved KPOP STAR HAIR, located at 136-80 Roosevelt Avenue, Flushing New York 11354, to a new address at 164 E 33rd Street, New York New York 10016, and changed the name of the store into K-POP NAILS, d/b/a COCO NAILS ART.

17.     Upon information and belief, Mr. Garzon and Ms. Li (1) have the power to hire and fire employees, (2) supervise and control employee work schedules or conditions of employment, (3) determine the rate and method of payment, and (4) maintain employees' records.

18.     For example, Mr. Garzon and Ms. Li communicated with employees on a daily basis, assigned tasks to employees, indirectly reprimanded any employee who did not perform his/her duties correctly, and had the authority to affect any changes to the quality and terms of employees' employment, including changing their schedules, compensation, or terminating or hiring such employees.

19.     Upon information and belief, Defendants Mr. Garzon and Ms. Li acted intentionally and maliciously and were employers pursuant to FLSA, 29 U.S.C. § 203d, and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL §2 and the regulations thereunder, and are jointly and severally liable with KPOP STAR HAIR and K-POP NAILS.

20.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned wages, overtime compensation and failed to provide her a wage notice at the time of hiring in violation of the NYLL and the FSLA.

21.     Plaintiff has fulfilled all conditions precedent to this action and/or conditions have been waived.

## STATEMENT OF FACTS

22.     Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff.

23.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned wages and overtime compensation.

24.     While employed by Defendants, Plaintiff was not exempt under Federal or State Laws requiring employers to pay employees overtime.

25.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff with Time of Hire Notice detailing rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number,

employee's rate or rates of pay, any deductions made from employee's wages, and the employee's gross and net wages for each pay day.

26. Defendants knew that the nonpayment of wages, overtime pay, New York's "spread of hours" premium for every day in which she worked over 10 hours, would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

27. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

28. Upon information and belief, Defendants failed to keep records in order to mitigate liability for their wage violations.

29. Defendants willfully and intentionally committed widespread violations of the FLSA and NYLL.

## PLAINTIFF – XIAO RAN LI

30. From August 10, 2015 to July 15, 2019, Plaintiff, Xiao Ran Li, was employed as a manicurist by KPO STAR HAIR and K-POP NAILS.

31. Plaintiff's duties included manicuring and polishing nails.

32. From August 10, 2015 to November 30, 2015, from January 1, 2016 to November 30, 2016, from January 1, 2017 to November 30, 2017, and from January 1, 2018 to September 30, 2018, Plaintiff worked five days a week and her schedule ran from 10:00 A.M. to 8:00 P.M. From December 1, 2015 to December 31, 2015, from December 1, 2016 to December 31, 2016, and from December 1, 2017 to December 31, 2017, Plaintiff worked seven days a week and her schedule ran from 10:00 A.M. to 8:00 P.M. From December 19, 2018 to December 31, 2018, Plaintiff worked seven days a week and her schedule ran from 10:30 A.M. to 8:00 P.M. From January 1, 2019 to July 15, 2019, Plaintiff worked five days a week and her schedule ran from 10:30 A.M. to 8:00 P.M.

33.     As a result, from August 10, 2015 to November 30, 2015, from January 1, 2016 to

        November 30, 2016, from January 1, 2017 to November 30, 2017, and from January 1,

        2018 to September 30, 2018, Plaintiff worked 50 hours a week. From December 1, 2015

        to December 31, 2015, from December 1, 2016 to December 31, 2016, from December

        1, 2017 to December 31, 2017, and from December 1 to December 18, Plaintiff worked

        70 hours a week. From December 19, 2018 to December 31, 2018, Plaintiff worked 66.5

        hours a week. From January 1, 2019 to July 15, 2019, Plaintiff worked 47.5 hours a

        week.

34.     From August 10, 2015 to December 31, 2015, Plaintiff was paid a flat rate of $80.00 per

        day. Plaintiff's calculated hourly wage was $8.00, and the legal minimum hourly wage

        was $8.75.

35.     From January 1, 2016 to December 31, 2016, Plaintiff was paid a flat rate of $80.00 per

        day. Plaintiff's calculated hourly wage was $8.00, and the legal minimum hourly wage

        was $9.00.

36.     From January 1, 2017 to December 31, 2017, Plaintiff was paid a flat rate of $80.00 per

        day. Plaintiff's calculated hourly wage was $8.00, and the legal minimum hourly wage

        was $10.50.

37.     From January 1, 2018 to March 9, 2018, Plaintiff was paid a flat rate of $80.00 per day.

        Plaintiff's calculated hourly wage was $8.00, and the legal minimum hourly wage was

        $12.00.

38.     From March 10, 2018 to September 30, 2018, Plaintiff was paid a flat rate of $100.00

        per day. Plaintiff's calculated hourly wage was $10.00, and the legal minimum hourly

        wage was $12.00.

39.     From December 19, 2018 to December 31, 2018, Plaintiff was paid a flat rate of $100 per day. Plaintiff's calculated hourly wage was $10.53, and the legal minimum hourly wage was $13.00.

40.     From January 1, 2019 to April 30, 2019, Plaintiff was paid a flat rate of $100 per day. Plaintiff's calculated hourly wage was $10.53, and the legal minimum hourly wage was $15.00.

41.     From May 1, 2019 to July 15, 2019, Plaintiff was paid a flat rate of $120 per day. Plaintiff's calculated hourly wage was $12.63, and the legal minimum hourly wage was $15.00.

42.     From August 10, 2015 to July 15, 2019, Plaintiff was not compensated in accordance with the minimum wage laws of the State of New York.

43.     From August 10, 2015 to July 15, 2019, Plaintiff was not provided with undisrupted lunchtime while other Mexican employees can have undisrupted one-hour lunchtime.

44.     From August 10, 2015 to July 15, 2019, Defendants withheld Plaintiff's tips if the customers paid the bills by credit card.

45.     From August 10, 2015 to July 15, 2019, Plaintiff was not compensated at least one-and-one-half of the minimum wage or his calculated hourly wage, whichever is greater, from all hours worked above forty (40) in each workweek.

46.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employer to pay employee overtime.

47.     From August 10, 2015 to July 15, 2019, Plaintiff was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

48.   Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees the applicable overtime wage, in violation of the FLSA and NYLL and the supporting federal and New York State Department of Labor Regulations.

49.   Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

50.   Plaintiff bring this action herself and as class representative on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

51.   Upon information and belief, the Collective Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are Collective Action Members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because of their fear of retaliation, lack of adequate financial resource, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collective action under the FLSA 29 U.S.C. §216(b).

52.     Plaintiff will fairly and adequately protect the interest of the Collective Action Members and has retained counsel that is experienced and competent in the field of employment law. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

53.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this case that would as a practical matter be dispositive of the interest of the other members not a party to the adjudication, or subsequently impair or impede their ability to protect their interest.

54.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expenses and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

55.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

    a.   Whether the Defendants employed the Collective Action Members within the meaning of the FLSA;

b.  Whether the Defendants failed to pay the Collective Action Members the applicable overtime wage for the hours they worked exceeding forty hours per week;

c.  Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over ten (10) hours.

d.  Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL, and a notice of pay rate at each pay period;

e.  Whether the Defendants' violations of the FLSA are willful as that terms are used within the context of the FLSA; and

f.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

56.  Plaintiff know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

57.  Plaintiff and other similar situated have been substantially damaged by Defendants' unlawful conducts.

**STATEMENTS OF CLAIM**

**COUNT I**

**[Violation of the Fair Labor Standards Act – Minimum Wage Brought on Behalf of the Plaintiff and the FLSA Collective]**

58.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

59.  At all relevant times, upon information and belief, Defendants have been and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods"

for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

60. At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

61. At all relevant times, Plaintiff was employed by Defendants within the meaning of 29 U.S.C. §§201 and 203.

62. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of Five Hundred Thousand Dollars ($500,000) per year.

63. The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

64. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for some or all of the hours they worked.

65. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

66. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

## COUNT II

### [Violation of the Fair Labor Standards Act – Overtime Pay Brought on Behalf of the Plaintiff and the FLSA Collective]

67.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or on and one-half times the minimum wage, whichever is greater, 29 U.S.C. §207(a).

69.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages.

70.    Defendants' failure to pay Plaintiff her overtime pays violated the FLSA.

71.    At all relevant times, Defendants had, and continues to have a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

72.    The FLSA and supporting regulations required employers to notify employees of employment law requirements. 29 C.F.R. §516.4.

73.    Defendants willfully failed to notify Plaintiff of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's labor.

74.     Defendants knowingly and willfully disregarded the provisions of the FLSA as
        evidenced by their failure to compensate Plaintiff the statutory overtime rate of time of
        one and a half for all hours worked in excess of forty (40) hours per week when they
        knew or should have known such was due and that failing to do so would financially
        injure Plaintiff.

**COUNT III**

**[Violation of New York Labor Law—Minimum Wage]**

75.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding
        paragraphs.

76.     Defendants have engaged in a widespread pattern, policy, and practice of violating the
        NYLL, as detailed in this Complaint.

77.     At all times relevant, Plaintiff has been employees of Defendants, and Defendants have
        been employers of Plaintiff within the meaning of the NYLL 650 *et seq.*, and the
        supporting New York State Department of Labor Regulations.

78.     At all times relevant, Plaintiff has been covered by the NYLL.

79.     The wage provisions of Article 19 of the NYLL and the supporting New York State
        Department of Labor Regulations apply to Defendants and protect Plaintiff.

80.     Defendants failed to pay Plaintiff the minimum hourly wages to which they were entitled
        under the NYLL and the supporting New York State Department of Labor Regulations.

81.     Defendants were required to pay Plaintiff the non-tipped minimum wage at a rate of for
        all hours worked from under the NYLL 650 et seq. and the supporting New York State
        their Department of Labor Regulations.

82.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the
        minimum wage shall be liable, in addition to the amount of any underpayments, for

liquidated damages equal to the total of such under-payments found to be due the employee.

83. Through knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

84. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## COUNT IV

### [Violation of New York Labor Law – Overtime Pay]

85. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though folly set forth herein.

86. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due to the employees.

87. Defendants' failure to pay Plaintiff her overtime pays violated the NYLL.

88. Defendants' failure to pay Plaintiff was not in good faith.

## COUNT V

### [Violation of New York Labor Law – Spread of Hours Pay]

89. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

90. The NYLL requires employers to pay an extra hours' pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190m et seq.,

and §§ 650, et seq., and New York State Department of Labor regulations § 146-1.6.

91. Defendants' failure to pay Plaintiff the spread-of-hours pay was not in good faith.

## COUNT VI

### [Violation of New York Labor Law – Time of Hire Wage Notice Requirement]

92. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

93. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-l (a).

94. Defendants intentionally failed to provide notice to employees in violation of NYLL §195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

95. Defendants not only did not provide notice to each employee at Time of Hire but failed to provide notice to Plaintiff even after the fact.

96. Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, $50.00 for each workday that the violation occurred or continued to occur, up to $5,000.00, together with costs and attorneys' fees pursuant to NYLL §198 - l (b).

## COUNT VII

### [Violation of New York Labor Law – New York Pay Stub Requirement]

97. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as thought fully set forth herein.

98. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

99. Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff and did not provide the paystub on or after Plaintiff' payday.

100. Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, $250.00 for each workday of the violation, up to $5,000.00 for each Plaintiff together with costs and attorneys' fees pursuant to NYLL §198-1(d).

## COUNT VIII

### [Civil Damages for Deceptive Acts and Practices, Violation of New York General Business Law §349 Brought on Behalf of the Plaintiff]

101. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

102. New York General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments reported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

103. Due to Defendants' violation of New York General Business Law §349, Plaintiff is entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50.00), whichever is greater, or both such actions.

104.    Plaintiff demands the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Corporate Defendant COCO NAILS ART to recover wages owed as employees of the corporation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself respectfully requests that this Court enter a judgment providing the following relief: Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216 (b) to all similarly situated members of an FLSA Opt-in Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C..§216(b) and appointing Plaintiff and their counsel to represent the Collective Action Members;

a.  An order tolling the statute of limitations;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

c.  An injunction against the Defendants and its officers, agents, successors, employees, representative and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.  An award of unpaid wages, overtime compensation, and spread-of-hours compensation, as well as expenses Plaintiff incurred on behalf of Defendants due under the FLSA and the NYLL;

e.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked and overtime wages pursuant to 29

U.S.C. §216 and the NYLL;

f. An award of liquidated damages as a result of the Defendants' failure to furnish a notice at the time of hiring, pursuant to the NYLL

g. An award of liquidated damages as a result of the Defendants' failure to furnish statements with each payment of wages, pursuant to the NYLL;

h. An award of prejudgment and post-judgment interests;

i. Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal if then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(3);

j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k. Such other and further relief as this Court deems just and proper.

Dated: March 6, 2020
Flushing, New York

Heiferman & Associates, PLLC
*Attorneys for Plaintiff and the proposed FLSA Collective*

By: */s/ Carter R. Qi, Esq.*
Carter R. Qi, Esq.
136-20 38th Avenue, Suite 10E
Flushing, New York 11354
(718) 888-9545
Carter@HeifermanLaw.com

# EXHIBIT 1

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I, Xiao Ran Li, am the employee formerly employed by KPOP STAR HAIR, INC., K-POP NAILS, INC., d/b/a COCO NAILS ART, INC.. and/or related entities. I consent to be the plaintiff in an action to collect unpaid overtime wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Date:

_____
Xiaoran Li

# EXHIBIT 2

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER
## LIABILITY FOR SERVICES REDERED

TO: Shareholders of KPOP STAR HAIR, INC., K-POP NAILS, INC., d/b/a
COCO NAILS ART, INC.

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Xiao Ran Li, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of E Capital Funding LLC. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: March 6, 2020

# EXHIBIT 3

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND
MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE
BUSINESS CORPORATION LAW**

TO: Coco Nails Art, Inc.
    164 E 33rd Street
    New York, New York 10016

       PLEASE TAKE NOTICE, that XIAO RAN LI and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

       HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: March 6, 2020

# EXHIBIT 4



## <u>RETALIATION is ILLEGAL AND PUNISHABLE BY LAW</u>

The FLSA and NYLL allows the Court to impose additional civil penalty, if the Employer retaliates (any adverse employment actions, harassing, threatening and similar acts) the Plaintiff in response to this lawsuit.

## <u>CONSULT WITH YOUR ATTORNEY IMMEDIATELY</u>